## Carey-Lombard Lumber Company v. Fullenwider.

1. MECHANICS' LIEN—*Notice Under Section 30.*—A sub-contractor, mechanic, workman or other person, under section 29 of chapter 82, R. S., entitled "Liens," who has engaged to work for a contractor in building a house, or to furnish material therefor, can not by a notice to the owner, before any work is done or material furnished, stop all dealings between the owner and contractor.

2. MECHANICS' LIEN—*Construction of the Statute.*—The statute, chapter 82, R. S., entitled "Liens," does not contemplate that the notice under section 30 shall be given before the work is done, or material furnished, though it may be given before the money is due. · Sections 29 and 35 relate to the same matter, and in the latter, the demands which come within the purview of the statute are described as "due, or to become due" "for work done or material furnished;" not such as may possibly accrue by subsequent events, the happening of which can not be foretold.

3. MECHANICS' LIENS—*Construction of Section 31.*—In section 31 of chapter 82, R. S., entitled "Liens," requiring a notice to be served within forty days *from* the completion of the sub-contract, or within forty days after payment should have been made, *it was held,* that in the connection in which the. word is used, "*from*" means "*after*."

**Memorandum.**—Mechanics' lien. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Petition for lien; judgment for defendant, on demurrer; appeal by petitioner. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed August 4, 1893.

The opinion states the case.

ISRAEL COWEN, attorney for appellant.

JAMES A. FULLENWIDER, *pro se.*

OPINION OF THE COURT, GARY, P. J.

One Leinhart contracted with Fullenwider to build for him a house, and with the appellant for the lumber for it.

When only a trifling amount of lumber, and that subsequently paid for, had been furnished, the appellant served upon Fullenwider a notice in the form provided in section 30 of the Lien Act. The question on this record is, may a " sub-contractor, mechanic, workman or other person " (Sec. 29) who has engaged to work for a contractor in building a

house, or to furnish material therefor, by a notice to the owner, before any work is done or material furnished, stop all dealings between the owner and contractor, or, if the owner thereafter pay the contractor anything, is it at the peril of being compelled to pay the party giving the notice for work done, or material furnished, after the owner had so paid ?    The inconvenient consequences of such a construction are obvious.

A mason builder, for example, undertakes to build complete.    He makes contracts for his brick and stone, and subcontracts for the carpenter work, the plumbing, sewerage and gas-fitting, plastering, painting and glazing, etc.    His means and credit enable him to excavate and construct the basement walls, and his contract with the owner entitles him to a payment when the first floor joists are on.

The carpenter has done his part on the credit of the contractor, and is also then entitled to a payment, but the plumber, gas-fitter, hardware man, the roofer and lightning rod man, the painter and glazier, have all served notices, though nothing in their several departments can be done until the walls are up.

The statute does not contemplate that the notice shall be given before the work is done, or material furnished, though it may be given before the money is due.    Sections 29 and 35 relate to the same matter, and in the latter the demands which come within the purview of the statute are described as "due or to become due"    *    *    *    "for work done or material furnished;" not such as may possibly accrue by subsequent events, the happening of which can not be foretold.

There is, therefore, no reason to do violence to the language of section 31, which requires the notice to be served "within forty days from the completion of such sub-contract, or within forty days after payment should have been made." In the connection in which the word is used "from" means "after."    In its ordinary sense it indicates departure, not approach; going away, not coming.—Webster.

The demurrer to the petition was rightly sustained, and the decree dismissing it is affirmed.